### LEWIS HILL *v.* THE STATE.

4 | 559
35 | 169

1. RETURN OF INDICTMENT. — The objection that the indictment was not returned into open court, as required by law, comes too late when primarily raised after trial and conviction.

2. EFFECT OF APPEAL. — Pending an appeal in a criminal case, there is no power in the court *a quo* to make any order or take any action in the case; all proceedings in that court, in the case appealed, are suspended and arrested until it receives the judgment of this court.

3. SAME — FILE-MARKS. — In such a state of case, therefore, an order of the court *a quo*, made at a term subsequent to the appeal, and directing its clerk to indorse his file-mark *nunc pro tunc* on the charge to the jury, is *coram non judice*, void, and futile.

4. FILE-MARK. — Unless the transcript of a felony case shows that the charge given to the jury was filed, this court will set aside the conviction and remand the case.

5. CERTIORARI awarded by this court to procure a perfect record is process directed to the clerk of the court *a quo*, and not to that court; and the clerk must embody in the new transcript nothing which was omitted, but "all the proceedings had in the case."

APPEAL from the District Court of Lamar.  Tried below before the Hon. R. R. GAINES.

The opinion fully discloses the case.

*Easton & Hodges* and *Johnson & Miner*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State, cited *Vestal* v. *The State*, 3 Texas Ct. App. 648.

WINKLER, J.   The appellant was tried and convicted on October 30, 1877, of theft of a cow and a calf, and punishment assessed against him of confinement in the state penitentiary for a term of two years.   A motion for a new trial was made, which was overruled, and a judgment of conviction entered in accordance with the verdict; to which the accused excepted, and gave notice of appeal, saving a bill of exceptions to the ruling of the court on the motion for a new trial.

One of the grounds of the motion for a new trial is the following: "Because the finding of the jury was contrary to the law, as given by the court, and contrary to the evidence."

One of the errors assigned is that "the court erred in refusing to grant the defendant a new trial, upon the motion made by him therefor." An appeal having been thus perfected, a transcript of the record of the case was prepared and sent up to this court, to the Austin branch, and filed on March 23, 1878, within the time prescribed by law. On April 15, 1878, the appellee moved this court for a *certiorari* to the clerk of the court below, to "make up and transmit to this court, without delay, a perfect record in this cause." The motion for a *certiorari* was awarded, and, in apparent response thereto, a second transcript was sent up to this court, and was filed May 1, 1878.

The second transcript discloses the following motion, giving the style of the case and entitling it as of the April term, 1878:

"And now comes the State, in the above entitled cause, by her county attorney, R. Wooldridge, and states to the court that the clerk of the District Court of said county was to-day served with a *certiorari* to prepare and send up a perfect transcript of the record in the above entitled cause *instanter*, said cause having been appealed from your honor's court by defendant at the last term thereof. And, whereas, it appears from the record and papers in said cause that the charge of the court given to the jury upon the trial of said cause was not filed, he moves the court to have said charge filed *nunc pro tunc* by said clerk, and that a copy of the same be sent up to the Court of Appeals in said transcript."

The granting of this motion was resisted by the appellant on several grounds, one of which is set out as follows: "Because, this cause having been appealed from the last

term of this court to the Court of Appeals, in which it is now pending, this court has no jurisdiction to grant the order asked for."

The motion to amend the record was subsequently amended so as to read to the effect that the charge of the court given to the jury was filed, but the file-mark was omitted, and "he therefore asks that the file-mark of the clerk be placed upon said charge *nunc pro tunc*, and that a copy of the same be sent up with a transcript in this cause, as asked for in original motion." This was, also, excepted to by the appellant.

The exception to the original and amended motions were by the court overruled, and the defendant excepted; and the further action of the court thereon is set out as follows :

"And thereupon, the evidence having been adduced in support of said motion, it is ordered, adjudged, and decreed that said motion be granted, and that the clerk of this court do now indorse the charge of the court, filed among the papers, as filed for October 31, A. D. 1877."

To this action the accused, by his counsel, took a bill of exceptions, and made an additional assignment of error, to the effect that the record does not show that the indictment was filed in open court.

The objection that the record does not show that the indictment was filed in open court, if it is intended to state that it was not returned into open court, as prescribed by the Code of Criminal Procedure, article 389 (Pasc. Dig., art. 2858), or the amendment of May 25, 1876 (Acts 1876, p. 8), comes too late when presented for the first time after trial and conviction. *Alderson* v. *The State*, 2 Texas Ct. App. 10 ; *Houillion* v. *The State*, 3 Texas Ct. App. 537.

A more difficult question is that arising upon the action of the District Court in permitting the record to be amended by directing the filing of the judge's charge at a subsequent term of the court, and after an appeal had been taken to

this court, so as to give it effect as if filed at the time of the trial. Amendments of this character are permissible under the law, and have been recognized by this court if made at the proper time and in the proper manner, and it is not perceived why omissions of the kind here mentioned should not be supplied, or erroneous entries corrected, so as to conform the record to the facts as they really exist, so that the record shall speak the exact truth in every particular. Yet, whether this may be done in the trial court whilst the case is pending and undetermined in an appellate tribunal, or not, is quite a different question, and one upon which the cases we have seen shed but an obscure light.

We are of opinion that, by the provisions of our own Code, the point must be determined against the right to amend the record, pending an appeal.

The Code of Criminal Procedure declares how and when an appeal may be taken, and declares, in unambiguous language, what is the effect of taking an appeal, in the following provisions:

"An appeal may be taken by the defendant at any time during the term of the court at which the conviction is had." Art. 725. "When the defendant fails to appeal until after sentence has been pronounced, the appeal shall, nevertheless, be allowed, if demanded, and has the effect of suspending the execution of sentence, and all other proceedings, as fully as if taken at the proper time." Art. 728. "An appeal is taken by giving notice thereof in open court, and having the same entered of record." Art. 726. "The effect of an appeal is to suspend and arrest all further proceedings until the judgment of the Supreme Court has been received by the District Court." Art. 727 (Pasc. Dig., arts. 3189–3192).

The plain import of the language of the last article is, that when an appeal shall be taken by a defendant in a criminal prosecution, which must ordinarily be taken during the

term of the court at which the conviction is had, from that time forward until the judgment of the Supreme Court (now the Court of Appeals) should be received by the District Court, or the court in which the conviction was had, *all* further proceedings are *suspended* and *arrested*. The court in which the trial and conviction were had has no further authority or control over the case ; as a court, its authority, its jurisdiction, is suspended and arrested by the very terms of the law. True, the transcript of the proceedings had is to be made out, but this is purely a ministerial act, to be performed by the clerk ; but nothing is to be, or can legally be, performed by the court.

The " transcript *shall contain all the proceedings had in the case.*" Art. 729 (Pasc. Dig., art. 3193). By the rules of practice, omissions may be supplied, or errors corrected by *certiorari* from the appellate court, but these omissions etc., are to be supplied by the clerk, not by the court ; and the clerk is not so authorized upon his own motion ; he must embody in the transcript not what was omitted or intended, but, in the language of the Code, " all the proceedings had in the case " — nothing more, nothing less.

We hold, therefore, that whilst an appeal is pending in this court, the court from which the appeal is taken has no power, under the law, to make any order or take any other proceeding in the case ; that all its proceedings in the case are suspended and arrested during the pendency of the appeal ; and that the order and judgment of the District Court directing the clerk to file the charges *nunc pro tunc* was without authority of law, and void, and cannot be considered, for any purpose, as any part of the record of the case.

It is conceded, and the record bears out the position, that the charge given to the jury on the trial was not filed by the clerk at any time before the appeal was perfected. This omission has been held to be of sufficient importance

to require a reversal of a judgment of conviction in a case of felony.    Unless the transcript shows that the charge to the jury was filed, this court will not recognize it.  *Haynie* v. *The State*, 3 Texas Ct. App. 223 ;  *Parchman* v. *The State*, 3 Texas Ct. App. 225 ;  *Krebs* v. *The State*, 3 Texas Ct. App. 348 ;  *Clampitt* v. *The State*, 3 Texas Ct. App. 638.

Because the effort to correct the record in the District Court, pending an appeal to this court, was without authority of law, and because the record does not authoritatively show a charge such as can be recognized, the judgment is reversed and the cause remanded.

*Reversed and remanded.*